UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARLO VARTINELLI,

    Plaintiff,                                       Case No. 1:06-cv-136

v.                                                     Hon. Wendell A. Miles

CLAIRE HAMMER, et al.,

    Defendants.

_____/

**ORDER**

        This matter is before the Court on Plaintiff's Motion for Summary Judgment. (Dkt. #22). For the reasons discussed below, Plaintiff's motion is **denied**.

        Plaintiff initiated this action on February 27, 2006, against Defendants Hammer and Malatinski, alleging that they were deliberately indifferent to his serious medical needs. Specifically, Plaintiff alleges that Defendants refused to accommodate his alleged allergy to the smell of fish, thereby unnecessarily endangering his health and safety in violation of his constitutional rights. These are the same claims which Plaintiff asserted in *Vartinelli v. Moskalik*, *et al.*, case no. 1:03-cv-323 (W.D. Mich.).

        In this previous action Plaintiff asserted various claims against several defendants. On August 3, 2004, the Honorable Ellen S. Carmody recommended that Plaintiff's Eighth Amendment claims against Defendants Hammer and Malatinski (the very same claims advanced in the present matter) be permitted to go forward because there existed genuine factual issues yet to be resolved. This Court adopted that Recommendation on September 30, 2004.

On September 29, 2005, Plaintiff moved for summary judgment as to his claims against Defendants Hammer and Malatinski. Finding that "Plaintiff and Defendants have all presented evidence, which if believed by a jury, would entitle them to relief," Judge Carmody recommended that Plaintiff's motion be denied. The Court rejected this recommendation, however, on the grounds that Plaintiff had failed to properly exhaust all of the claims asserted in his complaint. Accordingly, Plaintiff's previous action was dismissed without prejudice for failure to comply with the total exhaustion rule. While the Court did not address Judge Carmody's conclusion that Plaintiff was not entitled to summary judgment, a review of that determination reveals it to be correct.

On February 27, 2006, Plaintiff initiated the present action, asserting the same claims against Defendants Hammer and Malatinski which were dismissed without prejudice in the previous action. Plaintiff now moves for summary judgment on the issue of liability. In support of his motion, Plaintiff has failed to present any new evidence, but instead simply relies on evidence submitted in the prior dismissed action - evidence which has already been found to not merit summary judgment. To obtain summary judgment, Plaintiff must submit *evidence* establishing that there exist no genuine issues of material fact and, furthermore, that he is entitled to prevail as a matter of law. Fed. R. Civ. P. 56. Plaintiff's reliance on evidence submitted in the previous action simply underscores that there presently exist genuine issues of material fact which must be resolved by a jury.

Accordingly, Plaintiff's motion for summary judgment is **denied**.

IT IS SO ORDERED.


Date: April 5, 2007                                       /s/ Wendell A. Miles
                                                          Hon. Wendell A. Miles
                                                          United States District Judge